IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                )
                                      )  Chapter 13
CLARENCE JOHN MARVIN,                 )
                                      )  Bankruptcy No. 08-02722
        Debtor.                       )

## ORDER RE: APPLICATION FOR COMPENSATION

This matter came before the undersigned for telephonic hearing on May 14, 2010, on Hudson, Mallaney, & Shindler's Application for Compensation. Attorney Deanna Bachman appeared telephonically for Hudson, Mallaney, & Shindler.  The Chapter 13 Trustee, Carol Dunbar, also appeared.  This case comes on the heels of In re Matsen, decided by the Court on May 25, 2010 and involving a fee application by Hudson, Mallaney, & Shindler.  After brief telephonic argument, the matter was taken under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

The law firm of Hudson, Mallaney, & Shindler ("Hudson Mallaney") seeks compensation to be paid through Debtor's Chapter 13 Plan for services rendered as Debtor's attorney in this case.  Hudson Mallaney requests approval of fees and expenses totaling $3,741.05, for work performed from March 3, 2008 to January 5, 2010.  Trustee objects, arguing that the fees requested are excessive.

## FINDINGS OF FACT

Debtor's Chapter 13 plan was confirmed on March 27, 2009.  In its Amended Application for Compensation, Hudson Mallaney seeks approval of fees and expenses totaling $3,741.05, not including the Chapter 13 filing fee of $274.00.  This is Hudson Mallaney's first fee application in this case.  These fees and expenses cover a range of services Hudson Mallaney provided Debtor, including: drafting a letter to a creditor regarding a violation of the automatic stay; reviewing orders; drafting a motion to keep tax refund and proposed order; staff conference; reviewing objections; and a number of client conferences addressing

issues including Debtor surrendering his house, Debtor moving, the internet, dental and optometric bills, Trustee's reports, and conferences preceding and following hearings. Hudson Mallaney also lists a number of travel expenses. It has reduced the amount billed for travel to one-half its normal hourly rate, in accordance with the Northern District of Iowa custom.

Hudson Mallaney currently holds $1500.00 in trust from Debtor. It proposes to apply this amount toward the fees requested, and it asks that the Court award it $2,347.05, to be paid from Debtor's bankruptcy estate.

## CONCLUSIONS OF LAW

The bankruptcy court has broad discretion when awarding or denying attorney fees and a corresponding duty to examine attorney fees for reasonableness. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000) (considering fees for Chapter 13 attorneys). **"The burden is on the attorney to prove that the agreed compensation is reasonable."** Id. (emphasis added). Section 330 governs the allowance of attorneys' fees. 11 U.S.C. § 330(a). This section "permits the court, on its own motion or on the motion of a trustee or other party in interest, to award compensation that is less than the amount requested." In re Sherrets, No. 05-07276, 2006 WL 1806351, slip op. at *1 (Bankr. N.D. Iowa June 27, 2006) (citing In re Peterson, 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000)). Section 330 further provides that in a Chapter 13 case in which the debtor is an individual, "the court may award reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case **based on a consideration of the benefit and necessity of such services to the debtor and other factors set forth in this section.**" 11 U.S.C. § 330(a)(4)(B) (emphasis added).

In the Northern District of Iowa, the Court has given substantial guidance on attorney fees in Chapter 13 cases through its local rules. Local Rule 2016-1(b), Compensation of Professionals, Attorney for Debtor – Chapter 13 states:

> The attorney for debtor in a chapter 13 case is excused from the application requirements of Fed. R. Bankr. P. 2016(a) and the notice requirement of Fed. R. Bankr. P. 2002(a)(6) if the request for compensation is less than the base amount established by the court at the time of confirmation of the plan. The **base amount figure** is available from the clerk and **applies to all attorney**

> **compensation through the first confirmation of a plan**.

(Emphasis added).  For Chapter 13 cases that were filed between January 1, 2006 and December 31, 2009, the "base amount" (the amount presumptively allowable) was $1751.00.  Effective March 3, 2010, the Court increased the base amount to $3001.00.  This new base amount applies retroactively to all cases filed on or after January 1, 2010.  The provision was not made retroactive to cases filed before that date.

Generally, the base amount is considered sufficient to compensate debtors' attorneys for their services in Chapter 13 cases.  In re Cookinham, No. 06-01033, slip op. at 2 (Bankr. N.D. Iowa Mar. 29, 2007).  These services include: counseling the debtors; preparing and filing the debtors' petition, schedules, and Chapter 13 plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions related to the Chapter 13 plan.  Id.

If debtors' attorneys seek compensation that exceeds the presumptively acceptable base amount for routine services, the attorney bears the burden of establishing that the fees requested are "reasonable."  In re Sherrets, 2006 WL 1806351 at *1 (citing In re Clark, 223 F.3d 859, 863 (8th Cir. 2000)).  To begin the "reasonableness" inquiry, the Court must look to the requirements of §330(a) and Federal Rule of Bankruptcy Procedure 2016.  Id.; IANB Local Rule 2016-1(b).  The "lodestar method" is the general approach taken by the court for determining reasonable compensation under the Code and Bankruptcy Rules.  In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999).  The lodestar amount is calculated by multiplying the reasonable number of hours expended by a reasonable hourly rate.  Id.  The lodestar amount ordinarily reflects and includes issues such as: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."  In re Apex Oil, 960 F.2d 728, 732 (8th Cir. 1992).  The court's goal is to determine the overall reasonableness of the compensation requested.  See Sherrets, 2006 WL 1806351 at *1.  Additionally, the Northern District of Iowa includes an examination of the impact of allowance of attorney fees on the amounts distributed to unsecured creditors in its overall consideration on the "reasonableness" of fee applications.  In re Lund, No. 00-01683, slip op. at 3 (Bankr. N.D. Iowa Dec. 2, 2003).

Another key consideration for the court is whether the attorney exercised reasonable billing judgment.  In re Michels, No. 03-00316, 2004 WL 1718074, slip op. at *3 (Bankr. N.D. Iowa May 10, 2004).  "Time spent 'handholding' or reassuring debtors, or on matters which do not require attorney services, are simply

3

not compensable at an attorney's regular hourly rates." Id. (citing In re Stromberg, 161 B.R. 510, 519 (Bankr. D. Colo. 1993)). When a court finds that a case presents only routine Chapter 13 matters, the court may review the fees requested in light of fees typically charged and reduce the requested fees accordingly. McKeeman, 236 B.R. at 672.

The presumptively reasonable fee is exactly that— a presumption that fees falling within that limit are reasonable for normal efforts by a debtor's counsel during the life of a Chapter 13 case. Requests for fees at the presumptive limit are viewed as requests for reasonable fees anticipated over the life of the plan. Amounts requested above the presumptively reasonable threshold require counsel to satisfy the reasonableness inquiry and burden of proof assigned by the lodestar analysis, as implemented and interpreted in prior decisions of this Court and the appeals courts.

The Court very recently decided similar fee issues in a Chapter 13 case involving the same law firm, Chapter 13 trustee, and lawyers. In re Matsen, Case No. 07-00941 (Bankr. N.D. Iowa May 25, 2010). Most of the legal standards noted above were recited in that ruling. There, the Court concluded that the law firm failed to meet its burden of demonstrating that its second application for fees (when, combined with its first award of fees totaled $8,410.39) was reasonable. The Court held that fees requested that exceeded the presumptive limit would be carefully analyzed under the lodestar factors, existing case law, and relative burdens assigned to the parties. Though the Court concluded that the law firm had failed its burden of proving all of the fees it sought were reasonable, the trustee had conceded some part of the additional fees were reasonable and the Court awarded those fees.

## ANALYSIS

After reviewing this matter under the above standards, and in light of the Court's recent decision in Matsen, the Court concludes that the application for fees should be approved. While Hudson Mallaney did not do much to satisfy its burden of showing that the above-the-presumptive-limit fees requested are reasonable, it did enough to satisfy the Court on the particular facts of this case. This case presents a very close question on whether the burden assigned to the lawyers requesting fees was satisfied, and on these facts, the Court resolves that question in favor of Hudson Mallaney.

Similar to Matsen, the matters for which Hudson Mallaney seeks additional compensation are neither novel nor complex. Motions to retain tax refunds and

4

communications with creditors occur in many Chapter 13 cases.  As in the previous case, some matters listed on Hudson Mallaney's itemized bill do not appear even to require attorney services.  Matters like addressing what appear to be routine medical and dental bills fall more in the category of handholding or reassurance on business decisions than matters necessitating legal representation.  The "novelty and complexity" factor thus weighs against the fee request.

Also similar to Matsen, neither the Court nor Trustee question Hudson Mallaney's skill, experience, or the quality of its representation of Debtor.  The invoices attached to Hudson Mallaney's Amended Application illustrate diligent representation of Debtor in this Chapter 13 case.  This factor of the lodestar analysis weighs in favor of compensation.

The results obtained in this case, like in Matsen, appear unremarkable.  From Debtor's perspective, Hudson Mallaney's efforts assisted him in surrendering his home, filing for bankruptcy, retaining his tax refund, and understanding several peripheral matters.  These are fairly standard services and standard results for Debtor from those services.  From the perspective of Trustee and the unsecured creditors, the results Hudson Mallaney has obtained have not significantly impacted the funds available for unsecured creditors.  These results provide nothing remarkable for either Debtor or the bankruptcy estate.  In fact, the results here are the sorts of results expected of competent counsel in standard cases.

While Hudson Mallaney's fees for the services provided are higher than the standard fees for most attorneys handling similar cases in the Northern District of Iowa, the Court concludes that the overall fee request is not unreasonable on the facts presented.  Two considerations weigh heavily in the Court's conclusion here.  First, this is Hudson Mallaney's only fee application to date.  Second, the amount requested is slightly more than twice the applicable presumptively reasonable amount at the time of filing of $1751.00, but is only $700.00 higher than the current presumptively reasonable amount of $3001.00.

In this case, the Court has found only that the fees requested to date satisfy the reasonableness inquiry for fees allowable in a Chapter 13 case.  In making this finding, the Court has assumed $3,001.00 of the fees are projected to cover the full plan term, and that the relatively modest fees beyond the presumptive limit can be deemed reasonable here.  Any future fee applications in this case that request sums beyond those awarded here will require Hudson Mallaney to present evidence and argument showing persuasively why those additional requested fees are beyond what already has been anticipated and allowed for the life of the plan.

**WHEREFORE,** Hudson Mallaney's Amended Application for Compensation is GRANTED.

**FURTHER,** Hudson, Mallaney, & Shindler is entitled to $2,347.05, to be paid from Debtor's bankruptcy estate, as compensation for services rendered as attorneys for Debtor.

Dated and Entered:

May 28, 2010

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE